Mark D. Kemple (SBN 145219)
Bryan W. Patton (SBN 294910)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Email: kemplem@gtlaw.com
       pattonbw@gtlaw.com
Tel: 310-586-7700
Fax: 310-586-7800

Attorneys for Defendant
TRANSFORCE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| VITO SANCHEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSFORCE, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.   5:22-cv-00309<br><br>**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1331, 1367, AND 1453**<br><br><br>Complaint Filed:   November 16, 2021<br>Complaint Served:   January 21, 2022<br>Action Removed:   February 18, 2022 |

NOTICE OF REMOVAL FROM STATE COURT

**PLEASE TAKE NOTICE** that Defendant TransForce, Inc. ("Defendant") hereby removes the above-captioned action, "VITO SANCHEZ, as an individual and on behalf of all others similarly situated v. TRANSFORCE, INC., a Delaware corporation; and DOES 1-50, inclusive," Case No. CIV SB 2132442 (the " State Court Action") from the California Superior Court for the County of San Bernardino to the United States District Court for the Central District of California (Eastern Division), pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1453.  Defendant hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1]

## RELEVANT PROCEDURAL HISTORY

1. On November 16, 2021, Vito Sanchez ("Plaintiff"), individually and on behalf of all others similarly-situated, filed a Class Action Complaint against Defendant.  That Complaint was thereafter served on Defendant on January 21, 2022.  A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2. As required by 28 U.S.C. § 1446(a), Defendant is attaching true copies of all other process, pleadings, and orders served upon Defendant in the State Court Action as **Exhibit B**.

3. Defendant TransForce, Inc. is the only defendant named in the State Court Action. The defendants designated as DOES 1 to 50 are fictitious defendants, are not parties to the action, have not been named or served, and are properly disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *McCabe v. Gen. Foods, Inc.*, 811 F.2d

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

1336, 1339 (9th Cir. 1987).

## THIS COURT HAS FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

4.  This action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed pursuant to 28 U.S.C. § 1441(a), in that it appears from the Complaint that Plaintiff has filed an action involving a claim or right arising under the laws of the United States.

5.  More specifically, Plaintiff brings a claim under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*, alleging that "Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring credit reports and or consumer investigative reports or causing credit reports and or consumer investigative reports to be procured." [Ex. A, ¶ 37.] Plaintiff seeks, among other things, statutory damages under the FCRA. [*Id.* ¶¶ 40-41, Prayer for Relief.]

6.  Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claim for violations of the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq*. [Ex. A ¶¶ 43-58.] Pursuant to 28 U.S.C. § 1367(a), "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." That is the case here. Plaintiff's ICRAA claim arises out of the same alleged unauthorized consumer reports. [*See* Ex. A ¶ 54 ("Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring credit reports or causing credit reports to be procured. . . Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintff and the ICRAA Class" without providing notice that complies with the ICRAA.").] Accordingly, this Court has supplemental jurisdiction over Plaintiff's derivative state law ICRAA claim.

## SERVICE ON THE STATE COURT

7. As required by 28 U.S.C. § 1446(d), Defendant will promptly file with the Clerk of the San Bernardino Superior Court and serve on all parties a copy of this Notice of Removal.

## VENUE

8. The State Court Action was filed in the Superior Court of the State of California for the County of Bernardino. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a).

## TIMELINESS

9. Defendant was served with a copy of the Complaint on January 21, 2022. Accordingly, this removal is timely pursuant to 28 U.S.C. § 1446(b).

## NO ADMISSION

10. By this filing, Defendant does not admit any liability to Plaintiff or to the putative class members he seeks to represent, concede the accuracy of Plaintiff's allegations, admit Plaintiff is an adequate class representative for the putative class he seeks to represent, or concede Plaintiff or the putative class members are entitled to any of the relief sought in the Complaint, or any relief of any kind. Defendant also in no way admits the instant action satisfies the requirements for class certification.

## CONCLUSION

11. As Defendant has shown in this Notice of Removal and supporting documents, this lawsuit meets the requirements for federal jurisdiction pursuant to 28 U.S.C. sections 1331 and 1367. Wherefore, the State Court Action is hereby removed to this Court from the Superior Court of the State of California, County of Bernardino.

DATED: February 18, 2022                    GREENBERG TRAURIG, LLP

By: /s/ Mark D. Kemple
Mark D. Kemple
Bryan W. Patton
Attorneys for Defendant TransForce, Inc.