# EXHIBIT A

COPY

```
1  MICHAEL CROSNER (SBN 41299)
   mike@crosnerlegal.com
2  ZACHARY CROSNER (SBN 272295)
   zach@crosnerlegal.com
3  BLAKE JONES (211279)
   blake@crosnerlegal.com
4  CROSNER LEGAL, P.C.
   9440 Santa Monica Blvd. Suite 301
5  Beverly Hills, CA 90210
   Tel. (310) 496-5818
6  Fac. (818) 700-9973

7  Attorneys for Plaintiff,
   VITO SANCHEZ
8
```

**FILED**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 1 6 2021

BY _____ Kelleka Monticue DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| VITO SANCHEZ, as an individual and on behalf of all others similarly situated, | CASE NO. **CIV SB 2132442** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| v. | 1. Violation of the Federal Fair Credit Reporting Act ("FCRA") [15 U.S.C. §§ 1681, *et seq.*] |
| TRANSFORCE, INC., a Delaware corporation; and DOES 1-50, inclusive, | |
| Defendants. | 2. Violation of the California Investigative Consumer Reporting Agencies Act ("ICRAA") [Cal. Civil Code § 1786, *et seq.*] |
| | **JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff, VITO SANCHEZ ("Plaintiff"), on behalf of Plaintiff and on behalf of all others similarly situated, hereby files this Complaint against Defendant TRANSFORCE, INC., a Delaware corporation; and DOES 1-50 (collectively, "Defendant"). Plaintiff is informed and believes and thereon alleges as follows:

## INTRODUCTION

1. This class action arises from Defendant's acquisition and use of consumer and/or investigative consumer reports (referred to as "background reports") to conduct background checks on Plaintiff and other prospective, current, and former employees.

2. Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks compensatory and punitive damages due to Defendant's systematic and willful violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* and the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786, *et seq.*

3. Plaintiff alleges that Defendant routinely acquired and continues to acquire background reports to conduct background checks on Plaintiff and other prospective, current, and former employees and use information from background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the FCRA and ICRAA.

4. The procurement of background reports for employment purposes is subject to strict disclosure requirements under federal law pursuant to the FCRA and under California law pursuant to the ICRAA. Among other things, an employer may not procure a background report concerning a job applicant unless 1) a "clear and conspicuous" disclosure is made in a stand-alone document that "consists solely of the disclosure" informing the applicant that a report may be obtained for employment purposes and clearly setting forth the nature and scope of the consumer report; 2) a summary of the applicant's rights with regard to the consumer report is provided to the applicant; and 3) provides the applicant with accurate and legally compliant information and disclosures with regard to its investigative consumer report.

5. Defendant failed to follow these strict disclosure and procedural requirements and, as a result, Defendant has violated Plaintiff's and putative class members' statutory rights under

the FCRA and ICRAA.

**PARTIES**

6. Plaintiff VITO SANCHEZ is, and at all relevant times was, an individual and natural person domiciled in the State of California and a citizen of the State of California who worked for Defendant.

7. Defendant TRANSFORCE, INC. is a Delaware corporation, authorized to do business in California and is doing business in the State of California. Defendant TRANSFORCE, INC. is a national truck driver staffing firm.

8. Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff sues said defendants by said fictitious names and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

9. Plaintiff is informed, believes, and thereon alleges that at all relevant times, each defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes TRANSFORCE, INC. and DOES 1 to 50, inclusive.

10. At all times mentioned herein, each Defendant was the co-conspirator, agent,

servant, employee, and/or joint venture of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

11. Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

### JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiff's and the Class Members' (the "Class Members" defined below) claims for FCRA and ICRAA violations for the following reasons upon information and belief: Defendant, at all relevant times, was duly licensed to conduct business in the State of California; and DOES 1-50, inclusive, (collectively "Defendant") operate throughout California; Defendant employed Plaintiff in San Bernardino County in the State of California; the principal violations of California law occurred in San Bernardino County; the conduct of Defendant forms a significant basis for Plaintiff's and the Class Members' claims; and Plaintiff and the Class Members seek significant relief from Defendant.

13. Venue is proper in the County of San Bernardino pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose in this county because at least some of the transactions that are the subject matter of this Complaint occurred therein.

### FACTUAL AND LEGAL ALLEGATIONS

14. Plaintiff applied for a job with Defendant and worked for Defendant from in or about June 2021 until in or about August 2021.

15. In evaluating Plaintiff for employment, Defendant procured or caused to be prepared a background report (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e), a consumer credit report, as defined by Cal. Civ. Code § 1785.3(c), and an investigative consumer report, as defined by Cal. Civ. Code § 1786.2(c).

16. In connection with Plaintiff's employment application, Plaintiff completed Defendant's standard application materials, which, on information and belief are used regularly

4

CLASS ACTION COMPLAINT

by Defendant for all job applicants during the relevant period in connection with its employment policies, procedures, and/or practices.

17. As part of Plaintiff's application, Defendant purported to inform Plaintiff and the Class Members that a background check would be obtained and included in the application materials a copy of documents purporting to give Defendant authorization to perform a background check.

18. This purported disclosure and authorization contains extraneous information which is irrelevant to Defendant's disclosure of its intent to obtain a background report and also describes information that does not constitute a consumer report or investigative consumer report. Moreover, Defendant did not provide a stand-alone authorization as required by applicable law and failed to adhere to the strict consumer report disclosure and procedural requirements pursuant to the FCRA and ICRAA.

## CLASS ALLEGATIONS

19. Plaintiff brings this lawsuit on behalf of Plaintiff and all others similarly situated as a class action pursuant to Code of Civil Procedure section 382. The class Plaintiff seeks to represent is defined as follows based on the following subclasses and referred to collectively as the "Class Members":

A. **FCRA Class**: All of Defendant's current, former and prospective applicants for employment in the United States who applied for a job with Defendant at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into in this action.

B. **ICRAA Class**: All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into in this action.

20. **Numerosity:** The Class Members are so numerous that the individual joinder of each individual class member is impractical.

21. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class

members. These include, but are not limited to:

    A. Whether Defendant willfully failed to provide the Class Members with stand-alone written disclosures before obtaining a creditor background report in compliance with the statutory mandates;

    B. Whether Defendant willfully included extraneous information, including, release of liability disclosures and medical information release disclosures regarding drug and alcohol and medical testing in its Notification and Release to Conduct Background Checks;

    C. Whether Defendant willfully failed to provide a summary of rights with regard to its investigative consumer report pursuant to its obligations under the FCRA;

    D. Whether Defendant willfully failed to include accurate and legally required information and disclosures with regard to its investigative consumer report;

    E. Whether Defendant willfully failed to comply with the FCRA and/or the ICRAA.

22. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendant has a policy, practice or a lack of a policy that resulted in Defendant failing to comply with the FCRA and ICRAA as alleged herein.

23. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that Plaintiff has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

24. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of

Plaintiff and absent class members.

25. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FCRA**

**(15 U.S.C. §§ 1681, et seq.)**

**(Against all Defendants)**

26. Plaintiff incorporates by reference all the allegations contained in this Complaint as if fully alleged herein.

27. Defendant is a "person" as defined by § 1681a(b) of the FCRA.

28. Plaintiff and the FCRA Class are "consumers" within the meaning of § 1681a(c) of the FCRA, because they are "individuals."

29. Section 1681b(b)(2)(A)(i) mandates that a clear and conspicuous disclosure be made in writing.

30. Plaintiff alleges based on information and belief that in evaluating Plaintiff and the FCRA Class for employment, Defendant procured or caused to be prepared background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681(a)).

31. The purported disclosures provided to Plaintiff and the FCRA Class prior to

obtaining background reports do not meet the requirements under the law because they are not clear and conspicuous disclosures in a stand-alone document and are embedded with extraneous information, including, but not limited to, medical information release disclosures regarding drug and alcohol testing and medical testing waiver and release of liability disclosures and waiver of liability. See, *Syed v. M-1, LLC*, 846 F.3d 1034 (9th Cir. 2017) and *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019).

32. Under the FCRA, it is unlawful to procure or cause to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a stand-alone document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of liability release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

33. Section 1681d(a)(1) of the FCRA provides:

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless:

(1) it is ***clearly and accurately disclosed*** to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and ***mode of living***, whichever are applicable, may be made, and such disclosure; (Emphasis Added.)

(2) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(3) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section ***and the written summary of the rights of the consumer prepared pursuant to § 1681g(c)*** of this title; (Emphasis Added.)

(4) Subsection (b) of Section 168ld(a)(l) provides:

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(l) of this section (a)(1) of this section, make a complete and accurate disclosure of the nature and scope of the investigation requested. This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

34. Defendant did not comply with Section 1681d(a)(1) because Defendant failed to

disclose that its investigative consumer report may include investigation into "mode of living," and Defendant further failed to provide Plaintiff and the FCRA Class with a written summary of rights pursuant to § 1681g(c).

35. Section 1681g(c) provides for a summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(1) Commission summary of rights requires:

    (A) The Commission shall prepare *a model summary of the rights* of consumers under this subchapter.

    (B) Content of summary:

The summary of rights prepared under subparagraph (A) shall include a description of –

        (i) the right of a consumer to obtain a copy of a consumer report under subsection (a) of this section from each consumer reporting agency;

        (ii) the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under subsection 1681j of this title;

        (iii) the right of a consumer to dispute information in the file of the consumer under subsection 1681i of this title;

        (iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

        (v) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under § 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

        (vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in § 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under § 1681j(a)(1)(C) of this title.

36. Defendant did not comply with § 1681g(c) because no such summary of rights was ever provided to Plaintiff and the FCRA Class.

37. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring credit reports and or consumer investigative reports or causing credit reports and or consumer investigative reports to be procured, as described above. Pursuant to that policy and

9

CLASS ACTION COMPLAINT

practice, Defendant procured credit reports and consumer investigative reports or caused such reports to be procured for Plaintiff and FRCRA Class that are in non-compliance with sections 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c), as described above.

38. Defendant's conduct in violation of sections 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c) was and is willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and the FCRA Class. Defendant's willful conduct is reflected by, among other things, the following facts:

(a) Defendant is a large entity with access to legal advice;

(b) Defendant required a purported authorization to perform credit checks and or obtain investigative consumer reports in the process of employing the class members which, although defective, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c) The plain language of the statute unambiguously indicates the failure to include the provisions identified above violates the FCRA's consumer credit reporting requirements.

39. As a result of Defendant's illegal procurement of credit reports and investigative consumer reports by way of their defective notice and authorization, as set forth above, Plaintiff and the FCRA Class have had their statutory rights invaded in violation of the FCRA.

40. Plaintiff, on behalf of Plaintiff and the FCRA Class, seeks all available remedies, including statutory damages, punitive damages, injunctive relief, and attorneys' fees and costs to the extent they are provided for under the FCRA.

41. Pursuant to the FCRA, U.S.C. § 1681n, Plaintiff and the FCRA Class are entitled to recover statutory damages of "not less than $100 and not more than $1000 dollars" for each of Defendant's violations.

42. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE ICRAA

(Cal. Civ. Code §§ 1786, et seq.)

(Against all Defendants)

43. Plaintiff incorporates by reference all the allegations contained in this Complaint as if fully alleged herein.

44. Defendant is a "person" as defined by Cal. Civ. Code § 1786.2(a).

45. Plaintiff and ICRAA Class are "consumers" within the meaning of § 1786.2(b) of the ICRAA, because they are "individuals."

46. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

47. Thus, a background check qualifies as an investigative consumer report under the ICRAA.

48. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

49. Section 1786.16(a)(2)(B)(iii)-(vi) of the ICRAA provides in relevant part as follows:

> (2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> ...
>
> (B) The person procuring or causing the report to be made provides a ***clear and conspicuous disclosure*** in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

11

CLASS ACTION COMPLAINT

> ...
>
> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and ***mode of living***.
>
> ...
>
> (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(Emphasis added.)

50. As described above, Plaintiff alleges that in evaluating Plaintiff and the ICRAA Class for employment, Defendant procured or caused to be prepared investigative consumer reports (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

51. When Plaintiff and the ICRAA Class applied for employment with Defendant, Defendant did not provide Plaintiff with required Disclosures and Authorizations ("Disclosure" or "Authorization").

52. Under the ICRAA, it is unlawful to procure or cause to be prepared, an investigative consumer report for employment purposes unless the disclosure is made in a document **that consists solely of the disclosure** and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B) of the ICRAA. (emphasis added).

53. Because the purported disclosures contain extraneous information, including, but not limited to, inclusion of a summary of rights addendum to the disclosure, and therefore does not constitute a document that consists solely of the disclosure, they do not meet the requirements under Cal. Civ. Code § 1786.16(a)(2)(B).

54. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendant procured credit reports or caused credit reports to be procured for Plaintiff and the ICRAA Class without first providing a written notice in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

55. Defendant's conduct in violation of sections 1786.16(a)(2)(B), 1786.20 and

12

1786.22 of the ICRAA was and is willful and/or grossly negligent. Defendant acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and the ICRAA Class. Defendant's willful conduct is reflected by, among other things, the following facts:

 (a) Defendant is a large corporation with access to legal advice;

 (b) Defendant required a purported authorization to perform background checks in the process of employing the ICRAA Class which, although defective, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations; and

 (c) The plain language of the statute unambiguously indicates the failure to include the provisions identified above in violation of the ICRAA's notice requirement.

56. As a result of Defendant's illegal procurement of investigative consumer reports by way of their inadequate notice and authorization as set forth above, Plaintiff and the ICRAA Class have had their statutory rights invaded in violation of the ICRAA.

57. Plaintiff, on behalf of Plaintiff and the ICRAA Class, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

58. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including but not limited to actual damages and attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of all others similarly situated, prays for relief and judgment against Defendant as follows:

1. An order that the action be certified as a class action;
2. An order that Plaintiff be appointed class counsel;
3. An order that counsel for Plaintiff be appointed class counsel;
4. Statutory penalties;

13

CLASS ACTION COMPLAINT

5. Civil penalties;
6. Punitive damages;
7. Costs of suit;
8. Interest;
9. Reasonable attorneys' fees; and
10. Such other relief as the Court deems proper.

Dated: November 15, 2021

Respectfully submitted,
**CROSNER LEGAL, PC**

By: _____
Michael Crosner, Esq.
Zachary Crosner, Esq.
Blake Jones, Esq.
Attorneys for Plaintiff VITO SANCHEZ

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

Dated: November 15, 2021

Respectfully submitted,
**CROSNER LEGAL, PC**

By: 
Michael Crosner, Esq.
Zachary Crosner, Esq.
Blake Jones, Esq.
Attorneys for Plaintiff VITO SANCHEZ

15

CLASS ACTION COMPLAINT